### HOLT v. UNITED STATES. *

### BUTLER v. SAME.

#### Nos. 4425, 4426.

Circuit Court of Appeals, Seventh Circuit.

Oct. 16, 1930.

Rehearing Denied Dec. 8, 1930.

Frederick Van Nuys, George M. Barnard, and Raymond L. Walker, all of Indianapolis, Ind., for appellants.

George R. Jeffrey, U. S. Atty., and Alexander G. Cavins and Telford B. Orbison, Asst. U. S. Attys., all of Indianapolis, Ind.

Before EVANS, SPARKS and PAGE, Circuit Judges.

PER CURIAM.

Judgments affirmed.

On Petition for Rehearing.

Only one question—the sufficiency of the evidence to support the verdict—is presented

*Certiorari denied 51 S. Ct. —, 75 L. Ed. —.

by this appeal. After a careful study of the record, we became convinced that the trial court was right in denying appellants' motion for a directed verdict and in submitting the case to the jury. Any opinion, which we might write, would necessarily be devoted to a discussion of the evidence, its weight and effect. We therefore found no justification for filing a written opinion.

Counsel for appellants have renewed their arguments in a brief in support of a petition for rehearing, and a short statement of the reasons for our conclusion will now be filed.

The following statement of the facts finds support in the evidence. Holt, a criminal lawyer, and Butler, a former deputy sheriff of Howard county, Ind., entered into an agreement respecting the organization and the conduct of the Hoosier Protective Association, which was organized to "furnish all necessary legal assistance to" a member "in any criminal offense in any court in Indiana which might be instituted against the" member "after the date of this agreement." The association was not obligated to furnish any assistance unless the weekly sum was paid. The member understood he was to secure protection in the conduct of his business. Such member, while ostensibly running either a gasoline station or a barbecue, or both, in reality was conducting a bootleg liquor business. Each member paid a weekly retainer or tribute or indemnity for protection and legal services required in case his liquor sales were discovered. Both appellants at times visited the places conducted by the members and purchased and consumed liquor and there discussed the liquor business and the protection which the association afforded. Butler solicited the members, collected the weekly indemnity, patronized the customers' liquor businesses, and acted as contact member. Holt, who was licensed to practice law, was to render legal services when a member got into trouble. He also at times accompanied Butler on trips when the weekly dues were collected and discussed the bootleg business with members and purchased and drank and sometimes carried away the intoxicating liquor, which the member had to sell. Holt's guilty participation in the activities of the association was established (and not by him denied) by statements to another so-called criminal lawyer, whom he advised to do likewise and thus increase the receipts from what was called a law business.

While there was evidence contradicting and tending to refute the statements above

set forth, it is clear that it was the province of a jury, not the court, to determine the facts upon which appellants' guilt or innocence depended.

█ The evidence before us justified the conclusion that the Hoosier Protective Association was a combination, the purpose of which was to further the sale of intoxicating liquor in violation of law and to prevent the detection and conviction of those who were its members, and who had participated guiltily in the sale of liquor; and that appellants, Holt and Butler, were actors who played the principal roles in this combination or conspiracy, the object of which was to violate the National Prohibition Act (27 USCA).

The petition for rehearing is denied.